869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mike O'Dell WHEELER and Kathern V. Wheeler, his wife,
Plaintiffs-Appellants
v.
VIRGINIA ELECTRIC & POWER COMPANY, a corporation, Defendant-Appellee
and
DOMINION RESOURCES, INC., a Corporation, Defendant & Third
Party Plaintiff
v.
ATLANTIC NUCLEAR SERVICES, INC., a corporation, Third-Party
Defendant-Appellee
 No. 88-1040.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 31, 1988.
Decided: Feb. 21, 1989.
 
 Thomas Patrick Maroney, for appellants.
 Winfield Turley Shaffer (Jackson & Kelly, on brief), for appellee.
 Before JAMES DICKSON PHILLIPS and WILKINSON, Circuit Judges, and DENNIS R. KNAPP, Senior District Judge for the Southern District of West Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Appellant, Mike Wheeler (Wheeler), an employee of Atlantic Nuclear Services, Inc. (Atlantic), was injured while performing a job for Virginia Electric & Power Company (VEPCO) at its power generating plant near Mt. Storm, West Virginia. Wheeler subsequently filed suit in district court charging VEPCO essentially with providing him an unsafe workplace. In its defense VEPCO raised the protections afforded it under the provisions of the West Virginia Workmen's Compensation Act, WV Code, 23-2-6, which provides:
 
 
 2
 Any employer subject to this chapter who shall subscribe and pay into the workmen's compensation fund the premiums provided by this chapter or who shall elect to make direct payments of compensation as herein provided, shall not be liable to respond in damages at common law or by statute for the injury or death of any employee, however occurring, after so subscribing or electing, and during any period in which such employer shall not be in default in the payment of such premiums or direct payments and shall have complied fully with all other provisions of this chapter. The continuation in the service of such employer shall be deemed a waiver by the employee and by the parents of any minor employee of the right of action as aforesaid, which the employee or his or her parents would otherwise have: Provided, that in case of employers not required by this chapter to subscribe and pay premiums into the workmen's compensation fund, the injured employee has remained in such employer's service with notice that his employer has elected to pay into the workmen's compensation fund the premiums provided by this chapter, or has elected to make payments as aforesaid.
 
 
 3
 To determine the applicability of WV Code, 23-2-6, the Court must examine the relationship of Atlantic and VEPCO. Atlantic is in the business of supplying temporary labor. Occasionally, VEPCO would need temporary employees to perform various jobs at the Mt. Storm facility and accordingly on March 31, 1983, contracted with Atlantic for labor per letters of authorization. By letter of November 4, 1983, Atlantic agreed to furnish VEPCO with seventeen first-class electricians and four second-class electricians. Wheeler, a first-class electrician, was assigned to Mt. Storm by Atlantic. While performing work at the Mt. Storm plant, Wheeler and the other VEPCO employees were supervised by VEPCO. Although Atlantic paid Wheeler and his fellow employees, Atlantic then billed VEPCO at a higher rate to cover its expenses, including worker's compensation.
 
 
 4
 At the time of Wheeler's accident, VEPCO was a subscriber to West Virginia Worker's Compensation Fund. Under the terms of the contract, Atlantic was likewise required to subscribe to the Fund. Following his injury Wheeler applied for and received benefits from the Fund.
 
 
 5
 VEPCO contends that it was a "special employer" of Wheeler and therefore not liable in tort under this court's decision in Maynard v. Kenova Chemical Co., 626 F.2d 359 (4th Cir.1980). As in the present case, Maynard was an employee of Manpower, a company in the business of supplying temporary labor. Kenova Chemical Company contracted with Manpower for Maynard's services. Both Kenova and Manpower were subscribers to West Virginia Worker's Compensation Fund. When Maynard was injured during the course of the working arrangement with Manpower, he applied for and received worker's compensation benefits from his permanent employer Manpower. When Maynard instituted a tort action against Kenova, the district court granted summary judgment. This court sustained the district court's decision, finding that "Maynard was performing a task that was part of Kenova's regular course of operations, and that while he was performing that task, he was under the complete control and direction of Kenova's supervisory personnel. Accordingly, Kenova is liable under West Virginia Workmen's Compensation Act and is not liable in tort."
 
 
 6
 In concluding that Maynard was a "borrowed employee" and that Kenova was his "special employer," the Court reiterated established West Virginia law which provides the right of control as the determining factor for employment status of a worker. This rationale was further bolstered by 1C Larson's Workmen's Compensation Law, Sec. 48.00 which states as follows:
 
 
 7
 When a general employer lends an employee to a special employer, the special employer becomes liable for workmen's compensation only if
 
 
 8
 (a) the employee has made a contract of hire, express or implied, with his special employer;
 
 
 9
 (b) the work being done is essentially that of the special employer; and
 
 
 10
 (c) the special employer has the right to control the details of the work.
 
 
 11
 When all three of the above conditions are satisfied in relation to both employers, both employers are liable for workmen's compensation.
 
 
 12
 All three conditions therein set out are clearly met in this case.
 
 
 13
 We perceive no reason to disturb the sound principles of law set forth in Maynard. Accordingly, the judgment of the district court is affirmed.
 
 
 14
 AFFIRMED.